FILED
AFTER HOURS DROP BOX

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

2006 JUN 30 PM 4: 03

CLERK U.S. DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FT. MYERS, FLORIDA

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, ) ) ) Plaintiff, ) ) ) v. ) ) FLORIDA GULF COAST UNIVERSITY, ) ) Defendant. ) ) | CIVIL ACTION NO.<br><br>2:06-cv-326-FtM-29SPC<br><br>COMPLAINT<br>JURY TRIAL DEMAND<br>INJUNCTIVE RELIEF SOUGHT |

## NATURE OF THE ACTION

This is an action under the Age Discrimination in Employment Act to correct unlawful employment practices on the basis of retaliation and to provide appropriate relief to Johnny E. McGaha who was adversely affected by such practices. The Commission alleges that Defendant, Florida Gulf Coast University, discriminated against Johnny McGaha when it demoted him, reassigned him, and reduced his salary in retaliation for Dr. McGaha's opposition to what he believed to be age discrimination.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 7(b) of the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. § 626(b) (the "ADEA"), which incorporates by reference Sections 16(c) and 17 of the Fair Labor Standards Act of 1938 (the "FLSA"), as amended, 29 U.S.C. §§ 216(c) and 217.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Middle District of Florida, Fort Myers Division.

## PARTIES

3. Plaintiff, the U.S. Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of the ADEA and is expressly authorized to bring this action by Section 7(b) of the ADEA, 29 U.S.C. § 626(b), as amended by Section 2 of Reorganization Plan No. 1 of 1978, 92 Stat. 3781, and by Public Law 98-532 (1984), 98 Stat. 2705.

4. At all relevant times, Defendant, Florida Gulf Coast University (the "Employer"), has continuously been a Florida corporation doing business in the State of Florida and the City of Fort Myers, and has continuously had at least 20 employees.

5. At all relevant times, Defendant Employer has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 11(b), (g) and (h) of the ADEA, 29 U.S.C. §§ 630(b), (g) and (h).

## CONCILIATION

6. Prior to institution of this lawsuit, the Commission's representatives attempted to eliminate the unlawful employment practices alleged below and to effect voluntary compliance with the ADEA through informal methods of conciliation, conference and persuasion within the meaning of Section 7(b) of the ADEA, 29 U.S.C. § 626(b).

## STATEMENT OF CLAIMS

7. On or about March 1, 2005, the Defendant Employer engaged in unlawful employment practices at its Fort Myers, Florida, facility, in violation of Section 4(d) of the

ADEA, 29 U.S.C. § 623 (d). Dr. McGaha lodged complaints with the Defendant Employer regarding what he believed to be age discrimination on the part of the Defendant. On or about March 1, 2005, Defendant took the following actions against Dr. McGaha in retaliation for his complaints to Defendant regarding age discrimination:

    a. Withdrew an offer, made to Dr. McGaha several weeks earlier and prior to his raising allegations of age discrimination, to appoint him the Executive Director of the Center for Excellence in Cape Coral, Florida.

    b. Reassigned Dr. McGaha from his position as Dean of the Defendant's College of Public and Social Services to the position of Professor of Criminal Justice.

    c. Immediately placed him on a mandatory sabbatical for more than five months.

    d. Reduced his annual salary, effective August 7, 2005.

8. The Defendant also retaliated against Dr. McGaha by subsequently removing his authority to administer two federal grants for which he had been previously responsible, resulting in an additional loss of income.

9. The effect of the practices complained of in paragraphs 7 and 8 above has been to deprive Dr. McGaha of equal employment opportunities and otherwise adversely affect his status as an employee, because of his opposition to discrimination on the basis of age.

10. The unlawful employment practices complained of in paragraphs 7 and 8 above were willful within the meaning of Section 7(b) of the ADEA, 29 U.S.C. § 626(b).

11. The unlawful employment practices complained of in paragraphs 7 and 8 above were done with malice or reckless indifference to the federally protected rights of Dr. McGaha.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A.  Grant a permanent injunction enjoining Defendant Employer, its officers, successors, assigns and all persons in active concert or participation with it, from engaging in retaliation or any other employment practice which discriminates against individuals who oppose what they believe to be unlawful discrimination.

B.  Order Defendant Employer to institute and carry out policies, practices and programs which provide equal employment opportunities for individuals who oppose what they believe to be unlawful discrimination, and which eradicate the effects of its past and present unlawful employment practices.

C.  Grant a judgment requiring Defendant Employer to pay appropriate back wages in an amount to be determined at trial, an equal sum as liquidated damages, and prejudgment interest to individuals whose wages are being unlawfully withheld as a result of the acts complained of above, including but not limited to Dr. McGaha.

D.  Order Defendant Employer to make whole all individuals adversely affected by the unlawful practices described above, by providing the affirmative relief necessary to eradicate the effects of its unlawful practices, including but not limited to reinstatement, rightful-place hiring or front pay for Dr. McGaha.

E.  Order Defendant Employer to make whole Dr. McGaha, by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraphs 7 and 8 above, including out of pocket losses, in amounts to be determined at trial.

F.  Order Defendant Employer to make whole Dr. McGaha by providing compensation for nonpecuniary losses resulting from the unlawful practices complained of in

paragraphs 7 and 8 above, including past and future emotional pain, suffering, inconvenience, loss of enjoyment of life, anxiety and humiliation, in amounts to be determined at trial.

  G. Order Defendant Employer to pay punitive damages for its malicious and reckless conduct described in paragraphs 7 and 8 above, in amounts to be determined at trial.

  H. Grant such further relief as the Court deems necessary and proper in the public interest.

  I. Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

Respectfully Submitted,

JAMES L. LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

DELNER FRANKLIN-THOMAS
Regional Attorney

NORA E. CURTIN
Supervisory Trial Attorney

MICHAEL WELLS
Trial Attorney
Pennsylvania Bar No. 61053
UNITED STATES EQUAL
EMPLOYMENT OPPORTUNITY
COMMISSION
Tampa Field Office
501 East Polk Street, Room 1000
Tampa, Florida 33602
Tel. (813) 202-7902
Fax (813) 228-2841
E-mail: michael.wells@eeoc.gov