IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, <br><br> Plaintiff, <br><br> v. <br><br> FLORIDA GULF COAST UNIVERSITY BOARD OF TRUSTEES, <br><br> Defendant. | Case No. 2:06-cv-326-FtM-29SPC |
| JOHNNY MCGAHA, <br><br> Plaintiff, <br><br> v. <br><br> FLORIDA GULF COAST UNIVERSITY BOARD OF TRUSTEES, <br><br> Defendant. | Case No. 2:06-cv-395-FtM-29DNF |

## CONSENT DECREE

## THE LITIGATION

1. On June 30, 2006, Plaintiff Equal Employment Opportunity Commission ("EEOC") filed Case No. 2:06-cv-326-FtM-29SPC alleging Defendant, Florida Gulf Coast University Board of Trustees violated Section 7(b) of the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. §626(b) ("ADEA"). Specifically, EEOC alleged Defendant unlawfully retaliated against Johnny McGaha ("Charging Party" or "McGaha") for complaining of discrimination when it demoted him from Dean of the College of Professional Studies to

- 1 -

professor of Criminal Justice, rescinded an offer to be Executive Director of the Cape Coral Academic Center, placed him on mandatory sabbatical, removed him as Principal Investigator on several grants and subjected him to other adverse employment actions.

2. On January 18, 2007 McGaha filed his own lawsuit under Case No. 2:06-cv-395-FtM-29DNF and brought claims of gender discrimination and retaliation under Title VII of the Civil Rights Act of 1964 42 USC 2000(e) et al. ("Title VII"). McGaha alleged that he was subjected to disparate treatment because of his gender and that he was retaliated against for complaining about discrimination. McGaha alleged that Defendant unlawfully demoted and cut the pay of male professors. McGaha further alleged that in response to his complaints of discrimination, Defendant changed the terms of his employment contract and denied him the right to a continual contract instead of a fixed contract.

3. By Court Order dated February 9, 2007 the cases filed by the EEOC and McGaha were consolidated for all purposes.

4. For purposes of this Consent Decree ("Decree"), the EEOC, McGaha and Florida Gulf Coast University Board of Trustees are collectively referred herein as "the parties."

5. The parties agree that this Decree resolves all claims alleged against the Defendant in EEOC Charge Number 150-2005-02479 and the Complaints filed in this action. The parties further agree that this Decree does not resolve any pending or future Charges of Discrimination or complaints other than those referred to in paragraphs 1 through 3.

6. The parties acknowledge that Defendant admits no wrongdoing. However, in the interest of resolving this matter and avoiding time and future costs of continuing the litigation and as a result of having engaged in comprehensive settlement negotiations, the parties have agreed that this action should be finally resolved by entry of this Decree.

## FINDINGS

7. Having carefully examined the terms and provisions of this Decree, and based on the pleadings, record, and stipulations of the parties, it is ORDERED, ADJUDGED AND DECREED THAT:

   a. This Court has jurisdiction over the subject matter of this action and the parties.

   b. No party shall contest the jurisdiction of this Federal Court to enforce this Decree and its terms or the right of the EEOC and/or McGaha to bring an enforcement suit upon alleged breach of any term(s) of this Decree.

   c. ~~The terms of this Decree are adequate, fair, reasonable, equitable, and just. The rights of McGaha and the public~~ interest are adequately protected by this Decree.

   d. This Decree conforms to the Federal Rules of Civil Procedure, the ADEA and Title VII and is not in derogation of the rights or privileges of any person. The entry of this Decree will further the objectives of the ADEA and Title VII and will be in the best interests of McGaha, EEOC and the public.

   e. The terms of this Decree are and shall be binding upon the present and future representatives, agents, directors, officers, successors and assigns of Defendant.

   f. McGaha and the Defendant shall exchange mutually agreeable General Releases, which shall be executed contemporaneously with execution of this Consent Decree.

NOW, THEREFORE, IT IS ORDERED, ADJUDGED AND DECREED THAT:

## GENERAL INJUNCTIVE PROVISIONS

8. Defendant acknowledges its responsibility under the ADEA and Title VII to prohibit discrimination because of age and gender. Accordingly, Defendant and its officers,

agents (including management personnel), successors, and assigns are hereby enjoined from discriminating on the basis of age and gender.

9.  Defendant, its officers, agents, employees, successors, and assigns, and all persons acting in concert with it are hereby enjoined from engaging in any form of retaliation against any person because such person has opposed any practice made unlawful under the ADEA or Title VII, filed a Charge of Discrimination under the ADEA or Title VII, testified or participated in any manner in any investigation, proceeding, or hearing under the ADEA or Title VII, or asserted any rights under this Decree.

## DISTRIBUTION OF ANTI-DISCRIMINATION POLICY

10.  Within thirty (30) calendar days of entry of this Decree, Defendant shall draft and/or submit an anti-discrimination policy ("Policy") and forward it to EEOC. This and any other submissions, reports, certifications, notices, or other materials that are required to be submitted to EEOC shall be mailed to: Florida Gulf Coast University Settlement, c/o Trial Attorney Beverly Britton Fraser, United States Equal Employment Opportunity Commission, Tampa Field Office, 501 Polk Street, 10th floor, Tampa, Florida 33602.

11.  The Policy shall be distributed within sixty (60) days of entry of this Decree to all of Defendant's employees and management staff in all locations (including all job sites, whether temporary or permanent) where employees of Defendant work and all job sites where temporary employees are assigned to work for Defendant and shall be included in any relevant policy or employee manuals kept by Defendant's business. The Policy shall also be used and maintained in a conspicuous and accessible place for all employees at all of Defendant's facilities and printed in a font that is easily legible (at least 12 point font).

12. A copy of the Policy shall be distributed to each new regular full-time, part-time, or temporary employee on the day the employee is hired and, for temporary workers who are assigned to work for Defendant through a staffing or temporary agency, on the day that the worker first performs work for Defendant. The manager responsible for distributing the Policy to each new employee shall review the Policy in depth with the employee. Defendant shall maintain records demonstrating that each new employee discussed the Policy with the responsible manager and illustrating the length of time spent discussing the Policy.

## TRAINING

13. In order to further ensure the effective implementation of Defendant's anti-discrimination policy, Defendant will conduct a three (3) hour training for all of its managers and supervisory personnel with specific emphasis on recognizing discrimination and acts that could constitute retaliation, and on the proper procedure to be followed if they become aware of discrimination in the workplace or if they receive complaints of discrimination. This training shall be conducted during each of the four (4) years covered by this Decree. Defendant agrees to provide the EEOC at least two weeks notice before it conducts its training sessions with the date(s) and location(s) of the training and materials to be used at the training session. The training will be conducted by Cheryl Seals-Gonzalez, Director, Office of Institutional Equity and Compliance, Executive Services Division Florida Gulf Coast University. The first training shall take place within sixty (60) calendar days of entry of this Decree. The remainder of the training sessions shall take place annually and no later than March 30th of each year throughout the duration of the Decree.

14. Defendant agrees that the President, Provost, Deans and Chairs of Academic Departments, and its EEO officer shall be present at each training conducted pursuant to this

paragraph for the entire duration of the training session in addition to persons described in paragraph 13 above.

15. Defendant further agrees that the discrimination policy and training materials utilized for the training described in paragraph 13 shall be presented and explained to all new managers and supervisors, who did not attend the annual training within thirty (30) days of being placed in a management or supervisory position.

## POSTING OF NOTICE

16. Within ten (10) business days after entry of this Decree, Defendant shall post an eleven (11) inches by fourteen (14) inches laminated copy of the Notice attached as Exhibit A to this Decree at all of its colleges in a conspicuous location easily accessible to and commonly frequented by employees of Defendant. The Notice shall remain posted for four (4) years from the date of entry of this Decree. Defendant shall take all reasonable steps to ensure that the posting is not altered, defaced or covered by any other material. Defendant shall certify to EEOC in writing within ten (10) business days after entry of the Decree that the Notice has been properly posted. Defendant shall permit a representative of EEOC to enter Defendant's premises for purposes of verifying compliance with this paragraph at any time during normal business hours without prior notice.

## MONITORING AND REPORTING

17. For a period of four (4) years following entry of this Decree, Defendant shall furnish to the EEOC, written reports twice annually of any and all complaints of discrimination given to the Office of Institutional Equity and Compliance. The records maintained and the written reports shall contain:

   a. A description of each complaint of age or sex discrimination, including the names of the complaining parties and witnesses and the resolution of such complaint, occurring within the six (6) month period preceding the report.

   b. Within five (5) business days after EEOC so requests, Defendant shall provide the last known home address, home telephone number, and mobile telephone number for all persons within its employ during the term of the Decree whom EEOC requests and identifies for purposes of verifying compliance with this Decree. Moreover, Defendant shall permit employees whom EEOC requests to interview for the purposes of verifying compliance with this Decree to speak confidentially with EEOC. In the event that EEOC is unable to contact an employee for purposes of verifying compliance with this Decree, it shall notify Defendant and Defendant shall, within five (5) business days, provide EEOC with the employee's scheduled hours of work over the next fourteen (14) day period so that EEOC can conduct these interviews at these employees' breaks, at the end of the day, or at some other time convenient to the employee and EEOC. Defendant agrees that it will not discourage employees from participating in these interviews.

   c. A certification by Defendant that the Notice required to be posted in Paragraph 16, above, remained posted during the entire six (6) month period preceding the report.

  18. The first report shall be due six (6) months after entry of the Decree. The final report shall be due forty-eight (48) months after entry of the Decree.

  19. Nothing contained in this Decree shall be construed to limit any obligation Defendant may otherwise have to maintain records under the ADEA or any other law or regulation.

## INDIVIDUAL AND MONETARY RELIEF

20. In resolution of this litigation, Defendant commits to pay up to $650,000.00 in accords with the terms set forth below:

    a. $250,000.00 shall be paid and made payable to McGaha. An I.R.S. Form 1099 shall be issued to McGaha for this amount.

    b. $100,000.00 shall be paid and made payable to Fink & Boyle, P.A., (Tax ID 65-0540594) for McGaha's reasonable attorneys' fees and costs. An I.R.S. Form 1099 shall be issued to Fink & Boyle, P.A. for this amount.

    c. $250,000.00 shall be paid and made payable to McGaha in the event that McGaha, upon responding to Defendant's notification of option for renewal in accordance with the provisions of the Collective Bargaining Agreement ("CBA"), exercises the option to obtain a successive 5 year fixed employment contract but does not succeed in obtaining such contract after making a reasonable effort to satisfy the CBA'S criteria for contract renewal. McGaha is not eligible for the aforementioned payment if he fails to exercise his option to obtain a renewal, or is otherwise unable to secure a successive contract renewal for any reason including his resignation, retirement or termination under the CBA occurring after entry of this Decree. Said payment shall be made and tendered within and by no later than thirty (30) calendar days after McGaha is provided notification of Defendant's decision not to offer him a successive 5 year fixed employment contract.

    d. $50,000.00 shall be paid and made payable to Fink & Boyle, P.A., for McGaha's reasonable attorneys' fees and costs in the event it becomes necessary for Defendant to pay pursuant to paragraph 20(c). Said payment shall be made

- 8 -

and tendered at the same time McGaha is paid by Defendant. An I.R.S. Form 1099 shall be issued to Fink & Boyle, P.A. for this amount.

21. Should payment be required under paragraphs 20(c) and 20(d), payments shall be sent via overnight delivery to Fink & Boyle, P.A., 2050 McGregor Blvd., Fort Myers, FL 33901. Payments set forth in 20(c) and 20(d) above will not be paid to McGaha or his attorneys in the event that McGaha is granted a successive five (5) year fixed employment contract on a twelve (12) month salary basis or fails to satisfy the conditions set out in paragraph 20(c).

22. McGaha is subject to a current employment contract which expires on August 6, 2010. That contract shall be modified effective January 2, 2008 and expiring on August 6, 2010. The modified contract shall provide for employment as a full Professor of Justice Studies in the College of Professional Studies on a twelve (12) month salary basis in accordance with the terms and conditions of the Collective Bargaining Agreement. The base salary applicable to the modified employment contract shall be $121,959.00 and be subject to any and all applicable future increases, bonuses, stipends or supplements which may come into effect during the contract period and shall include all additional benefits, coverages, and entitlements generally provided to similarly situated employees. Prior to the expiration of the above described modified employment contract on August 6, 2010, and in accordance with the CBA, McGaha shall be entitled to exercise the option to seek a new successive 5 year fixed employment contract on a twelve (12) month salary basis subject to the Collective Bargaining Agreement in effect on that date. In the event McGaha complies with the terms and conditions of the CBA and the processes and procedures outlined in the Faculty Performance Evaluation Document ("FPED") but is unsuccessful at obtaining said successive 5 year fixed employment contract on a 12 month salary basis, payments shall be made by the Defendant as set forth in paragraph 20(c) and 20(d) above.

23. It is expressly understood and agreed that if Defendant makes the payments set forth in paragraphs 20(c) and 20(d) then McGaha will execute a waiver of claims arising under the Age Discrimination in Employment Act and Title VII against FGCU for McGaha failing to obtain a successive 5 year fixed employment contract on a 12 month salary basis as a result of or motivated by McGaha having asserted the claims in the litigation described in Paragraphs 1 through 3 herein.

24. Upon FGCU Board of Trustees' approval of this Consent Decree, Defendant and/or its representatives shall immediately execute this Consent Decree. All payments set forth in 20(a) and 20(b) above shall issue within five (5) business days from the FGCU Board of Trustees' approval of this Consent Decree and shall be sent by overnight delivery to Fink & Boyle, P.A., 2050 McGregor Blvd., Fort Myers, FL 33901. Copies of the payments and I.R.S. Forms shall be forwarded to the attention of Beverly Britton Fraser, Trial Attorney, U.S. Equal Employment Opportunity Commission, Tampa Field Office, 501 East Polk Street, 10th Fl, Tampa, Florida 33602.

25. If Defendant fails to tender any of the payments described in paragraph 20 above, then Defendant shall pay interest on the defaulted payment at the rate calculated pursuant to 26 U.S.C. Section 6621(b) until the same is paid, and bear any additional attorneys' fees and costs incurred caused by the non-compliance or delay of the Defendant.

26. Each party to this Consent Decree shall bear its own attorneys' fees and costs except as described in paragraph 20 above.

## DISPUTE RESOLUTION

27. In the event that any party believes there has been non-compliance with any provision(s) of the Decree, the party shall have the right to seek Court intervention. No party shall contest the Court's jurisdiction to hear a dispute arising from the Decree. No party shall challenge the EEOC's and/or McGaha's ability to bring an action to enforce terms of the Decree in this Court.

## DURATION OF THE DECREE AND RETENTION OF JURISDICTION

28. All provisions of this Decree shall be in effect for a period of four (4) years immediately following entry of the Decree.

SO ORDERED, ADJUDGED AND DECREED, this _____ day of January, 2008.

**AGREED TO:**
**FOR THE PLAINTIFF, UNITED STATES EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

By: _____  Date: 1/18/2008
Nora E. Curtin
Regional Attorney
Miami District Office

Beverly Britton Fraser
Trial Attorney
U.S. Equal Employment Opportunity Commission
Tampa Field Office
501 East Polk Street, 10th Fl.
Tampa, Florida 33602
Telephone: (813) 202-7919
Fax: (813) 202-2045

AGREED TO:
PLAINTIFF-INTERVENOR MCGAHA,

By: _____          Date 1/15/08
    Dr. Johnny McGaha

AGREED TO:
FOR THE PLAINTIFF-INTERVENOR MCGAHA,

By: _____          Date 1/15/08
    Michael Fink, Esq.
    Florida Bar No. 0825743
    Attorney for McGaha
    Fink & Boyle P.A.
    2050 McGregor Blvd.
    Fort Myers, FL 33901

AGREED TO:
FOR THE DEFENDANT,
FLORIDA GULF COAST BOARD OF TRUSTEES

By: _____          Date: 1/15/08
    Aaron Behar
    Florida Bar No. 166286
    Attorney for Defendant
    Lydecker, Lee, Behar, Berga & DeZayas, LLC
    1201 Brickell Avenue, 5th Floor
    Miami, FL 33121

By: _____          Date: 1/15/08
    Scott Lutgert
    Chairman of the Florida Gulf Coast Board of Trustees

ENTERED:

_____
THE HONORABLE JOHN E. STEELE
UNITED STATES DISTRICT COURT JUDGE
DATE: 2/8/08

- 12 -

# EXHIBIT A

## NOTICE TO ALL FLORIDA GULF COAST UNIVERSITY EMPLOYEES

This Notice is being posted pursuant to a Consent Decree entered by the U.S. District Court in EEOC v. Florida Gulf Coast University Board of Trustees, Civil Action No. 2:06-cv-0326-FtM-29SPC and Johnny McGaha v. Florida Gulf Coast University Board of Trustees, Civil Action No 2:06-cv-395-FtM-29DNF. In those lawsuits Johnny McGaha alleged he complained to the University that female professors were being treated more favorably than male professors and that he was being discriminated against because of his age. McGaha alleged that the University retaliated against him for complaining about the discrimination by demoting him from Dean to Professor, changing the terms of his employment contract, removing him from grant oversight and other adverse employment actions. Pursuant to the decree, Johnny McGaha and his attorneys shall be paid a total of $350,000.00 in satisfaction lost wages, compensatory damages, fees and costs associated with the litigation. In the event that McGaha does not receive a successive employment contract effective August 7, 2010, Johnny McGaha and his attorneys shall be paid an additional $300,000.00 The Florida Gulf Coast University Board of Trustees has adopted a policy that prohibits discrimination against employees based on age and gender in violation of The Age Discrimination in Employment Law of 1967 ("ADEA") and Title VII of the Civil Rights Law of 1964. ("Title VII") Florida Gulf Coast University Board of Trustees admits no wrongdoing and does not condone employment discrimination of any kind as set forth in federal anti-discrimination laws, including, but not limited to, age or gender discrimination and retaliation.

Florida Gulf Coast University assures its employees that it supports the ADEA and Title VII and will not take any action against an individual because he/she has exercised his/her rights under the law to oppose discriminatory acts or to file charges with EEOC. Appropriate corrective action, up to and including termination, based upon the circumstances involved, shall be taken against any employee (including management personnel) found to have violated the Florida Gulf Coast University policy prohibiting discrimination.

EEOC enforces the federal laws against discrimination in employment on the basis of disability, race, color, religion, national origin, sex, and age. If you believe you have been discriminated against, you may contact EEOC at (305) 808-1740. EEOC charges no fees and has employees who speak languages other than English.

This Notice must remain posted for four (4) years from the date below and must not be altered, defaced or covered by any other material. Any questions about this Notice of compliance with its terms may be directed to: Florida Gulf Coast University Board of Trustees Settlement, c/o EEOC, Tampa Field Office, 501 East Polk Street, 10th Floor, Tampa, Florida 33602.

Date: _____

**NAME**
**General Counsel**

**DO NOT REMOVE BEFORE** _____ 2012